1  PHILLIP A. TALBERT
   United States Attorney
2  ARIN C. HEINZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5  Attorneys for Plaintiff
   United States of America
6

7                          IN THE UNITED STATES DISTRICT COURT
8                          EASTERN DISTRICT OF CALIFORNIA
9

10 | UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-00001-JLT-SKO |
   | Plaintiff, | **STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE** |
   | v. | |
   | ARTURO N. MARQUEZ, | Date: February 5, 2025 |
   | | Time: 1:00 p.m. |
   | Defendant. | Honorable Sheila K. Oberto |

16      The United States of America, by and through Phillip A. Talbert, United States Attorney, and

17 Arin C. Heinz, Assistant United States Attorney, and the defendant, by and through Mr. Reed Grantham,

18 his attorney of record, hereby stipulate to vacate the status conference in this case on February 5, 2025,

19 to set a trial on October 15, 2025, and to exclude time. The parties further request a trial confirmation

20 hearing be held on September 29, 2025.

21      The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

22 "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record

23 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

24 record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such

25 failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

26 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

27 findings on the record "either orally or in writing").

28      Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE       1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between February 5, 2025 and October 14, 2025, for the following reasons:

1. The parties litigate a motion to suppress Marquez filed. Judge Thurston ruled on the motion to suppress on December 23, 2024, denying the motion. The case is set for status conference on February 5, 2025. The parties request to docket this case for trial on October 15, 2025, and vacate the status conference. The parties further request a trial confirmation hearing be held on September 29, 2025.

2. Marquez intends to file a *Bruen* motion. The parties therefore request the following briefing schedule be ordered:
    a. Marquez will file a *Bruen* motion on February 28, 2025
    b. The Government will file an opposition on March 28, 2025
    c. Marquez will file his reply on April 11, 2025

3. The parties request the motion be heard on April 21, 2025.

4. The proposed trial date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.

5. The government does not object to the requested continuance.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv). Additionally, because a motion will be pending before the Court, time exclusion is requested pursuant to 18 U.S.C. § 3161(h)(1)(D). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: January 29, 2025

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED:  January 29, 2025

/s/*Reed Grantham*
REED GRANTHAM
Attorney for Defendant Arturo Marquez

## **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be vacated, trial be set for October 15, 2025, and a briefing schedule be set in accordance with the parties' stipulation.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein outweighs the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the time period from February 5, 2025, until October 15, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request and because a motion will be

pending before the Count pursuant to 18 U.S.C. § 3161(h)(1)(D),  and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 2, 2025**                  /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE